# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 2:19-cv-02581-MSN-cgc ) |
| KW REAL ESTATE VENTURES, A DIVISION OF KEMMONS WILSON, INC., | ) ) ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL

Before the Court, by way of Order of Reference (D.E. # 25) is Defendant's September 30, 2020 Motion to Compel (D.E. # 24). Plaintiff filed its response on October 14, 2020 (D.E. # 26) and Defendant filed its reply, with leave of court, on December 7, 2020 (D.E. # 32). A hearing on the Motion was held via Microsoft Teams on December 16, 2020. Scott Wilkinson appeared for Defendant and Michael Johnson appeared for Plaintiff. Based on the motion, response, reply, arguments of counsel, and the record in this case, the Motion is GRANTED IN PART.

Defendant seeks an order compelling Plaintiff to respond to Interrogatories 3, 7, 9, 10 and 19 of the first set of interrogatories and Requests for Production 1, 3, 4 and 6 of the first set of requests for production of documents. As to the interrogatories at issue, Plaintiff's primary objection is that Defendant exceeded the twenty-five interrogatory limit contained in Fed.R.Civ.P 33(a)(1) without leave of court. Defendant responds that Plaintiff waived that objection by further responding to the interrogatories. Interrogatory number 1 asks:

1

1. For each request for admission that you denied or qualified your admission, please:

    a. State the number of the request;

    b. State all facts upon which you base your response;

    c. Identify all persons who have knowledge of those facts; and

    d. Identify all documents that support your denial or qualified admission.

Plaintiff either denied or qualified its admission to eight requests for admission. Fed.R.Civ.P 33(a)(1) limits a party to "no more than 25 written interrogatories, including all discrete subparts." The Advisory Committee Notes explain that "[p]arties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects." Fed.R.Civ.P 33(a) A.C.N. to 1993 amend. If a subpart can stand alone as a separate question or is independent of the primary interrogatory, then the subpart should be counted separately even if it is related to the interrogatory. Aldridge v. City of Memphis, No. 05-2966-B/V, 2007 WL 9706238, *2 (W.D. Tenn. July 12, 2007). In this case, the court finds that interrogatories 1b, 1c, and 1d are discrete subparts and should be counted separately. This yields a total of twenty-four interrogatories. Plaintiff responded without objection to Interrogatory 2, bringing the total to twenty-five. Plaintiff objected to each of the remaining interrogatories based on Fed.R.Civ.P 33(a)(1), occasionally adding alternative objections and/or answering subject to and without waiving the objection. Defendant contends that by answering "subject to and without waiving the objection" Plaintiff has effectively waived the objection and should be compelled to answer the interrogatory. The court disagrees with this interpretation. To the extent that Plaintiff answered further, the response was only to direct Defendant to the response to request for admission number 14 (interrogatories 5, 6, and 19) or to state that the answer is "none" (interrogatory 4). This does not convert the objection into a waiver any more

than answering an admission in part constitutes a full admission. Therefore, the Motion is DENIED IN PART and Plaintiff is not required to respond to interrogatories 3, 7, 9, 10 and 19.

The first request for production of documents seeks documents relied upon to answer the interrogatories and requests for admission. Defendant seeks an order compelling production of the documents relied upon to answer interrogatories 9 and 10. Because Plaintiff is not required to respond to those interrogatories, it is likewise not required to provide documents supporting a response to those two interrogatories.

The third, fourth and sixth requests for production of documents seeks production of the claims and underwriting files and the claims and underwriting manuals. Plaintiff objects, arguing that the requests are in violation of the scheduling order (D.E. # 22) The scheduling order provides for a bifurcated discovery process – coverage related discovery prior to a dispositive motion on coverage then discovery related to Defendant's counterclaim issues of breach of contract and bad faith denial. While it is arguable that the claims and underwriting manuals may generally relate more to the issues raised in the counterclaim, Defendant convincingly argues that there may be information in the manuals that could be relevant to supporting its contention that there is ambiguity in the policy and in determining which of the parties interpretations of the policy is reasonable in the event that there is ambiguity. It will not pose an undue burden on Plaintiff to produce these documents. Further, this production does not create an opening for further counterclaim discovery prior to the resolution of the pending motion for summary judgment. Defendant's motion as to these three requests is GRANTED.

Therefore, Defendant's motion is GRANTED IN PART. Plaintiff is to product the claims and underwriting files and the claims and underwriting manuals within thirty (30) days of entry of

this order.  The parties are to submit a proposed protective order for approval and entry by the court within seven (7) days of entry of this order.

    **IT IS SO ORDERED** this 18th day of December, 2020.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE